IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASTARTE DAVIS-RICE, ) | No. C 07-485 MMC (PR) |
| Petitioner, ) ) | **ORDER OF DISMISSAL; DENYING AS MOOT APPLICATIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR DEFAULT JUDGMENT** |
| v. ) ) | |
| SHEILA A. CLARK, Warden, et al., ) ) | |
| Respondents. ) | **(Docket Nos. 2. 4, 8)** |

On January 24, 2007, petitioner, a federal prisoner currently incarcerated at the Federal Correctional Institution Dublin and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] In addition to her petition, she has filed two separate applications for leave to proceed in forma pauperis as well as a motion for default judgment.

**BACKGROUND**

In 1991, in the United States District Court for the Virgin Islands, petitioner was convicted of charges brought in four separate cases. On January 31, 2002, she was sentenced in those four cases, with each sentence ordered to run consecutively to the others, for a total of 15 years in federal prison. In one of the cases, Case No. 88-403, petitioner received a

---

[1] As petitioner is incarcerated within the Northern District of California and her petition challenges the execution of her federal sentence, venue is proper in this court. See Dunne v. Henman, 875 F.2d 244, 249-50 (9th Cir. 1989).

1 sentence of 15 months and was ordered to pay restitution in the amount of $297,246.78.
2 Thereafter, the United States Court of Appeals for the Third Circuit, on December 13, 2994,
3 determined the restitution fine in Case No. 88-403 should be reduced by $27,964.00, and
4 vacated the judgment in part. On October 10, 1995, in accordance with the decision of the
5 Court of Appeals, the District Court for the Virgin Islands issued an "Order Amending
6 Judgment and Commitment," in which it reduced the amount of the restitution to
7 $269,282.78.

## DISCUSSION

Petitioner claims that because the "Order Amending Judgment and Commitment" in Case No. 88-403 does not mention the 15-month prison term, but rather addresses only the amount of the restitution, petitioner's 15-month sentence for that conviction was thereby vacated. Petitioner asserts she already has served those 15 months and seeks to have this Court order the Federal Bureau of Prisons to credit the 15 months against a separate prison sentence imposed in 2003.[2]

As its title states, the October 10, 1995 order is an order "Amending" the judgment; it is not an "Amended Judgment." In other words, the Order was not intended to wholly replace the prior judgment. Nothing in the October 10, 1005 Order states or suggests that the 15-month sentence was to be vacated or otherwise changed in any way.

The authority cited by petitioner does not support her argument that the October 10, 1995 Order nonetheless had the effect of vacating her 15-month sentence in Case No. 88-403. Petitioner's argument is based on the requirement, provided in Rule 58 of the Federal Rules of Civil Procedure, that "every judgment and amended judgment must be set forth on a separate document." This rule applies to "Civil" not criminal cases. See Fed. R. Civ. P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature. . . ."). Petitioner cites to no such requirement with respect to criminal cases. In

---

[2]In 2003, in the United States District Court for the Northern District of California, petitioner pled guilty to a charge of escape from a federal prison and was sentenced thereon to a term of two years, with such term to run consecutively to the prison terms imposed in petitioner's prior cases.

**United States District Court**
For the Northern District of California

particular, petitioner cites no authority, and this Court is aware of none, that when an order amending a criminal judgment does not expressly reiterate a portion of the original sentence, the portion not reiterated is thereby vacated. In the absence of such authority, there is no basis for granting petitioner the relief she seeks.

## CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is hereby DISMISSED.[3]

In light of petitioner's payment of the filing fee, the applications for leave to proceed in forma pauperis are hereby DENIED as moot.

As respondent has not been served, petitioner's motion for a default judgment is hereby DENIED.

This order terminates Docket Nos. 2, 4, and 8.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: May 29, 2007

_____
MAXINE M. CHESNEY
United States District Judge

---

[3] In addition to "Sheila A. Clark, Warden, F.C.I. Dublin," petitioner has named as a respondent "Harley G. Lappin, Director, Federal Bureau of Prisons." The petition as to said latter respondent is subject to dismissal for the additional reason that he is not a proper party to the action. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (holding only proper respondent to habeas petition brought by federal prisoner is prisoner's "immediate custodian," i.e., "the warden of the facility where the prisoner is being held").